# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MATTHEW BOULAS, | Case No. 1:17-cv-01588-LJO-SAB |
|---|---|
| Plaintiff, | ORDER IMPOSING MONETARY SANCTIONS ON JAKRUN S. SODHI FOR FAILURE TO COMPLY WITH COURT ORDERS AND DISCHARGING ORDERS TO SHOW CAUSE |
| v. | |
| UNITED STATES POSTAL SERVICE, et al., | |
| Defendants. | (ECF Nos. 5, 6, 10) |
| | MARCH 16, 2018 DEADLINE |

On March 9, 2018, Jakrun S. Sodhi appeared before the undersigned to respond to an order requiring his personal appearance to show cause for the failure to respond to numerous court orders issued in this action.

## I.

## BACKGROUND

Plaintiff Matthew Boulas filed this action against the United States Postal Service and Christopher Andrew Bradley on November 29, 2017. (ECF No. 1.) The summonses and new civil case documents issued on November 30, 2017. (ECF Nos. 2, 3.) An initial scheduling conference was set for February 20, 2018. (ECF No. 3.) On February 13, 2018, an order issued continuing the mandatory scheduling conference as the return of summons had not been filed in the action. (ECF No. 4.) The February 13, 2018 order required Plaintiff to file a notice of the status of service

1

within five days. (Id.) No notice of the status of service was filed.

On February 21, 2018, an order issued requiring Plaintiff to show cause why sanctions should not be imposed for the failure to comply with the February 13, 2018 order. (ECF No. 5.) Plaintiff was to file a response within five days and was forewarned that failure to show cause may result in the imposition of sanction, including the dismissal of this action. (Id.) Plaintiff did not respond to the February 21, 2018 order. On February 27, 2018, an order issued requiring Plaintiff to personally appear for an order to show cause hearing due to the failure to respond to the prior orders. (ECF No. 6.)

On March 3, 2018, an order issued continuing the show cause hearing and Plaintiff filed the return of service on the defendants. (ECF Nos. 7, 8, 9.) On March 6, 2018, Plaintiff filed a written response to the order to show cause. (ECF No. 10.)

**II.**

**LEGAL STANDARD**

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See e.g. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a defendant to comply with the court's orders, the court may issue sanctions for every day the defendant fails to respond to the court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

1        The Local Rules of the Eastern District of California ("L.R.") provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney."  L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice."  L.R. 184(a).

### III

### DISCUSSION

       Here, Plaintiff failed to respond to the order requiring him to provide notice of the status of service and the order requiring him to show cause for such failure.  In his response to the order requiring his personal appearance to show cause why sanctions should not issue, Plaintiff addresses the failure to file the proofs of service, however, there is no mention of the failure to comply with the February 13, 2018 order requiring Plaintiff to file a notice of status of service or the February 21, 2018 order requiring Plaintiff to show cause for the failure to comply with the February 13, 2018 order.  At the hearing, counsel stated that he may have been out of the office during the time period because he was sick with the flu.

       Plaintiff is admonished for his failure to comply with orders requiring his response in this action.  When an order is issued, the Court requires a response from the litigants, and counsel has failed to show cause for the failure to respond to the orders of this Court.  Counsel admitted that his office would have received the orders and provided no excuse for the failure to respond.  The Court finds that a sanction in the amount of $250.00 for the failure to comply with the Court's February 13, 2018, and February 21, 2018 orders is necessary to address the extent of the failure to comply and to deter similar conduct by counsel in the future.

///

## IV.
## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 184, and the Court's inherent authority, monetary sanctions of $250.00 are imposed against Jakrun S. Sodhi for his failure to comply with orders of this Court;

2. Jakrun S. Sodhi shall pay the amount of $250.00 to the Clerk of the United States District Court, Eastern District of California, no later than March 16, 2018;

3. Jakrun S. Sodhi shall file a proof of payment within five (5) days of payment of the sanction;

4. The February 21, 2018 order to show cause and March 27, 2018 order to show cause are discharged; and

5. Failure to comply with this order may result in the issuance of further sanctions.

IT IS SO ORDERED.

Dated: **March 9, 2018**

UNITED STATES MAGISTRATE JUDGE